| | |
|---|---|
| LAURIE A. TRAKTMAN (SBN 165588)<br>**GILBERT & SACKMAN**<br>A Law Corporation<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, California 90010-2732<br>(323) 938-3000; Fax: (323) 937-9139<br><br>Attorneys for Plaintiffs | JS - 6 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' SAVINGS PLAN OF SOUTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA SHEET METAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL 105 RETIREE HEALTH PLAN; BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA SHEET METAL WORKERS' 401(A) PLAN; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 105 UNION DUES CHECK-OFF FUND; AND BOARD OF TRUSTEES OF THE SHEET METAL INDUSTRY FUND OF LOS ANGELES,   Plaintiffs,<br><br>v.<br><br>HNK TECH, INC.; JOHN DONG HAN AND HENRY ASLANIAN, individuals,<br><br>Defendants. | Case No.  CV-08-5831 PA (MANx)<br><br>[~~PROPOSED~~] ORDER ON STIPULATION FOR JUDGMENT<br><br>NOTE: CHANGES MADE BY THE COURT |

Pursuant to the Stipulation between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Savings Plan of Southern California; Board of Trustees of the Southern California Sheet Metal Joint Apprenticeship and Training Committee; Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan; Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan; Board of Trustees of the Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-Off; and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles (collectively, the "Plans" or the "Sheet Metal Workers' Trust Funds"), and defendants, HNK Tech, Inc. (the "Company"); John Dong Hong; and Henry Aslanian, individuals, ("Individual Defendants") (collectively "Defendants")  the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendants are indebted to the Plans in the total amount of $17,892.85 for contributions for the work months of April 2008 in the amount of $5,532.85 and May 2008 in the amount of $4,944.29, liquidated damages in the amount of $6,034.70, attorney's fees in the amount of $5,000.00; and interest in the amount of $1,000.00.

2. Judgment may be entered in this case in favor of the Plans and against the Company and Defendants, jointly and severally, in the amount of $17,892.85 in

1

delinquent employee benefit plan contributions, an audit, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendants may satisfy the judgment by paying, and shall pay, the Plans the sum of $10,477.14, in accordance with the following installment schedule: six installments in the amount the amount of $1,746.19 shall be paid over a six month period beginning September 15, 2008 and continuing on the 1st of each successive month until February 15, 2009. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received in the offices of the Trust Funds' legal counsel, Laurie A. Traktman, Esq., Gilbert & Sackman, A Law Corporation, 3699 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010-2732.

4. In the event the Company and Individual Defendants, and any of them, fail to comply with any of the provisions set forth in paragraphs 4 or 7 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendants, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

5. This Court may retain jurisdiction over this matter through April 2009 (two months after installment payments end), to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make

appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. ~~Supplemental judgments may be entered in this action against the Company and Individual Defendants and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.~~

  6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

  7. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: October 21, 2008     _____

                Hon. Percy Anderson